## JAMES E. GIFFORD *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 2—437.]

**Repeal of Criminal Statute.**
> Where there is a positive repugnancy between two acts of the general assembly, the latter repeals the former by implication.

### APPEAL FROM PENDLETON CRIMINAL COURT.

May 31, 1881.

OPINION BY JUDGE HINES:

Section 47 of an article in relation to the town of Falmouth, II Acts 1878, ch. 794, gives to the trustees exclusive power to grant licenses, and forbids the sale of liquor without first having obtained license therefor. The only question presented is whether this act repeals the local option law, which was in effect in that precinct at the time of the passage of the act of 1878.

It is insisted that it does not repeal, because it is provided in the local option law that it may be repealed by a vote of the people, and this is exclusive of the method of repeal by implication. It is further insisted that as one law is general and the other local they should both be upheld unless there is an express repeal. The rule might have some application if it were insisted that a general law passed subsequent to a special law did not re-

peal the special law, but the reverse is the case here. So far as the application of such rules of construction is concerned both laws are local or special. The local option law, while general in one sense, is local in its application to the precinct in which Falmouth is situated. But be this as it may there is a positive repugnancy between the two laws, and by any rule of construction the latter repeals the former. *Commonwealth v. Cain,* 14 Bush (Ky.) 525.

Judgment *affirmed.*

*John H. Fryer, for appellant.*

*J. H. Barker, for appellee.*

[Cited, *Tabor v. Lander,* 94 Ky. 237, 15 Ky. L. 8, 21 S. W. 1056; *Commonwealth v. Lemon,* 25 Ky. L. 522, 76 S. W. 40.]

