# DECISIONS

OF THE

# Court of Appeals of Kentucky.

## JANUARY TERM, 1901.

CASE 1—ACTION FOR MANDAMUS—FEB. 14.

## Daugherty, Judge, v. Arnold.

APPEAL FROM NELSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

JUSTICES OF THE PEACE—APPOINTMENT   BY GOVERNOR TO FILL VA-
CANCY—REPEAL OF STATUTE.

Held:   The act of February 10, 1894, requiring the governor to issue
commissions to various officers, including justices of the peace,
and providing that a vacancy in any of said offices "shall be
filled by appointment of the Governor, subject to the provisions
of the Constitution applicable thereto," repealed the act of June
30, 1892, providing that a vacancy in the office of justice of the
peace shall be filled by appointment of the county court tempo-
rarily, until a successor shall have been elected; and therefore
the Governor, and not the county judge, was authorized to fill
a vacancy in the office of justice of the peace in December, 1899.

GEO. & JOHN A. FULTON AND JOHN S. KELLY, ATTORNEYS FOR
APPELLANT.

(No brief.)

JOHN D. WICKLIFFE FOR APPELLEES.

This case involves one question of law to-wit:   Is the power
to appoint a justice of the peace to fill a vacancy, vested in the
Governor or in the county judge?

The act of 30, 1892, vested that power in the county
judge.   But the act of February 10, 1894, again vested this
power in the Governor, who had had the power from June 1,

1792, to June 30, 1892. The appellee was appointed by the Governor to fill such vacancy, and the county judge refuses to qualify him and claims that he, as county judge, has the power to make the appointment.

The appellee is eligible and in all respects qualified for the office. A mandamus was awarded by the lower court ·

OPINION OF THE COURT BY JUDGE GUFFY—AFFIRMING.

It is substantially alleged in the petition in this action that on the 8th of December, 1899, there was a vacancy in the office of justice of the peace for the Third District of Nelson county, caused by the death of W. B. Nicholls, said Nicholls at the time of his death being a justice of the peace in said district; that on said date Gov. W. O. Bradley appointed and commissioned the appellee, Ed. H. Arnold, justice of the peace for said district. The petition further shows that said Arnold was eligible to said office. It is further alleged that on the 16th of December, 1899, appellee took the oath of office required by the Constitution, and appeared before the appellant, Daugherty, judge of the Nelson County Court, and offered to execute his official bond, with good and solvent surety, but that appellant refused to permit him to execute the bond or to qualify as justice of the peace, and entered an order on the order book of the Nelson County Court showing the application of appellee, and the refusal of the appellant to accept the bond or permit the qualification. The plaintiff, Arnold, finally prayed for a mandamus compelling the said county judge to permit him to qualify as justice of the peace for said county. The material defense set up by the appellant is that on the 27th of November, 1899, in order to fill said vacancy, by an order entered upon the record books of his court he duly appointed one John Bell, who at the time possessed the qualifications necessary to fill said office, which appointment

was thereafter duly certified to W. O. Bradley, Governor. of the Commonwealth, who by law is charged with the duty of issuing to said Bell a commission to fill said office, he being requested to do so, which order was received by the Governor not later than November 29, 1899; that said order of appointment of Bell has never been revoked or set aside; and that said Bell has accepted said office in so far as he can without being commissioned. After the issues were made up and proof taken, the circuit court rendered a judgment in favor of said Arnold, and awarded him a writ of mandamus against said Daugherty, commanding him to permit the plaintiff, Arnold, to qualify as justice of the peace by taking the oath of office and executing a bond as required of him, with good and solvent surety, and commanding him to approve said bond and cause same to be noted on the order book of the Nelson County Court; and from that judgment this appeal is prosecuted.

There is no brief for appellant on file. But, from the answer, we presume that the appellant claimed that no person could be legally appointed to fill the vacancy referred to without first having been appointed by the appellant as county judge, and therefore the appointment and commission relied on by the plaintiff conferred no right upon him. It is provided in section 152 of the Constitution that "vacancies in all offices for the State at large, or for districts larger than a county, shall be filled by appointment of the Governor; all other appointments shall be made as may be prescribed by law." Section 7, art. 7, p. 146, Acts 1891-93, provides that a vacancy in the office of justice of the peace shall be filled by appointment of the county court temporarily until the successor shall have been elected as provided in section

2 of this article. This act seems to have been approved June 30, 1892. It further appears that by an act approved February 10, 1894 (Acts 1894, p. 11), the Legislature amended Acts 1891-93, and required the Governor to issue commissions to various officers, including justices of the peace; and in said act it is provided as follows: "Should a vacancy occur in any of said offices by reason of the death, resignation or removal of the officer, or from any other cause, or should a like vacancy occur in any other office where there is no provision of law for filling the same, such vacancy shall be filled by appointment of the Governor, subject to the provisions of the Constitution applicable thereto." It necessarily follows that the act, *supra*, repeals all preceding acts inconsistent therewith. It therefore follows that the judgment appealed from was proper and in accordance with the law in force at the time, and the same is affirmed.