Olmstead v. Augustus.

CASE 37—ACTION TO RECOVER AN OFFICE—Dec. 19.

# Olmstead v. Augustus.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS—AFFIRMED

COUNTY OFFICERS—DEATH OF PERSON ELECTED BEFORE QUALIFICATION—RIGHT OF INCUMBENT TO HOLD OVER—POWER OF GOVERNOR TO FILL VACANCY.

1. Under Constitution, section 99, providing that certain county officers, including justices of the peace, shall hold their offices four years, "and until the election and qualification of their successors," where one who was elected justice of the peace died before qualifying, the incumbent had no right to hold for another term, but there was a vacancy in the office to be filled by appointment of the governor.

2. The governor alone has authority to fill a vacancy in the office of justice of the peace.

WALTER P. LINCOLN, FOR APPELLANT.
LEIBER & LINCOLN, OF COUNSEL.

## POINTS AND AUTHORITIES.

1. To render judgment before an action is set for trial as required by the rules of the Jefferson circuit court, is a misprision for which the court will reverse. Weber v. Weber, 1 Met., 18.

2. Where the Constitution provides that an officer shall hold his office for a fixed term and "until the election and qualification of his successor," there can be no vacancy in such office so long as an incumbent has a legal right to continue in possession thereof and is qualified to exercise its powers. State v. Harrison, 113 Ind., 434; State v. Linkhauer, 142 Ind., 94;

State v. Simpson, 54 Pacific Rep., 439; Commonwealth v. Hamney, 9 Penn. St., 51; Johnson v. Mann, 77 Va., 265.

3. Where the Constitution mentions what shall vacate an office created by that instrument, the Legislature is without power to enlarge or increase the causes which shall constitute a vacancy in said office. Lowe v. Commonwealth, 3 Met., 241; Brown v. Grover, 6 Bush, 2; Commonwealth v. Williams, 79 Ky., 306; Perkins v. The Auditor, 79 Ky., 42; Varney v. Justice, 86 Ky., 596; Throop Pub. Off., sec. 305.

4. The act of February 10, 1894, entitled, "An act to amend an act concerning office and officer," being in conflict with section 51 of the Constitution, is unconstitutional and void. See act of June 30, 1892, entitled, "Elections," title 7; Act May 16, 1893, entitled, "An act concerning office and officer, approved May, 6, 183," and an act amending an act entitled, "An act concerning office and officer, approved February 10, 1894;" Acts 1894, page 11.

LANE & HARRISON, FOR APPELLEE.

This appeal presents but one question—one of law only, and it is:—"Did the death of Joseph Niehoff, who, at the November election, 1897, was elected to be justice of the peace of Jefferson county, and received a certificate of election and commission, but who died prior to the first Monday in January, 1898, without having qualified by taking the oath or executing bond, create a vacancy in office during the term for which he was elected?"

If it did not, then there was no vacancy during the term which commenced on the first Monday in January, 1898, and ends the first Monday in January, 1892, to be filled either by appointment or election.

The question is whether section 1521 of the Kentucky Statutes is in conflict with the organic law of the State. That section says: "The term 'vacancy in office' or 'any equivalent phrase,' means such as exists . . . . when the person elected or appointed to an office fails to qualify according to law, and when there has been no election to fill the office at the time appointed by law."

The law as ruled in Com. v. Hanley, 9 Bam., 513; State v. Harrison, 113 Ind., 434; People v. Lord, 5 Cooley, 227; Gosman v. State, 106 Ind. 203; State v. Lusk, 18 Mo., 333, and kindred cases, throw no light whatever upon the question involved here, but leave untouched the power of the Legislature to prescribe by statute the conditions under which a vacancy in office may exist.

Olmstead v. Augustus.

The Constitution did not intend, and does not intend, that a person under one election by the people shall fill out two constitutional terms, and it was in aid of the declared purpose of the Constitution that the Legislature put in force the provision embodied in section 1521 of the Kentucky Statutes: "That if the person elected failed to qualify, or if there was no election at the time appointed by law, there should be a vacancy." This was the conclusion reached by this court in the case of Campbell v. Dodson, 23 Rep., 510, a conclusion that is in harmony with the construction given to similar provisions in the Constitution of 1849.

Bowen v. Long, 19 R., 1881; Long v. Bowen, 94 Ky., 540; Schuff v. Pflanz, 18 R., 27; Kentucky Statutes, secs. 1521; Ky. Con., secs. 142, 99-152; Johnson v. Higgins, 3 Met., 566; Campbell v. Dodson, 23 R., 510.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellant, Olmstead, was elected justice of the peace in November, 1894, for a term of three years, and until the election and qualification of his successor, under section 99 of the Constitution. In November, 1897, Joseph Niehoff was elected for the succeeding term, but died before qualifying. On January 3, 1898, the county judge appointed Samuel Risley to the office. He brought suit against appellant for the office, and was defeated in the Jefferson circuit court, which would seem to have taken the view that appellant was entitled to the office until the November election, 1898. Risley resigned on December 11, 1899, and the county judge then appointed appellee, Augustus, and on the 26th of February, 1900, the governor also appointed him, on the ground that the appointing power was not vested in the county judge, but in the governor. Appellee then instituted this action to recover the office, and, the lower court having adjudged in his favor, Olmstead prosecutes this appeal.

Substantially this question was before this court and determined in Campbell v. Dotson (23 R. 510) 111 Ky., 125 (63 S. W., 480, the only difference being that

in that case the person elected for the ensuing term had failed to qualify, and the county judge had made an order declaring the office vacant, under section 3755, Kentucky Statutes. The learned counsel for appellant concedes that case is conclusive here if adhered to, but earnestly insists that it is in conflict with the general current of authority and should be overruled. He does not take the position that Olmstead, when his successor died before qualifying, held until the next general election, and that his successor should then have been elected, under section 152 of the Constitution. His position is that Olmstead is entitled to hold for the entire succeeding term, when Niehoff, his successor, who had been regularly elected, died before qualifying. A number of decisions in other States so holding are referred to.

The construction of a State Constitution, like that of any other instrument, must rest, not on an isolated expression, but on the whole instrument, and the plain purpose of the framers of the instrument must be effectuated. We can not believe that it was intended by the framers of the Constitution, or the people who adopted it, that a man who was elected for one term, should hold a second term, for which he was not elected, because his successor died before qualifying. The reasons given by us for the conclusion in the case above referred to seem to us sufficient, upon a reconsideration of the subject. The learned counsel insists, that by the Constitution the judges of this court, circuit judges and certain other officers hold for a definite term and until the qualification of their successors. As to such officers he concedes that the death of the person elected for the ensuing term before qualifying would not entitle the incumbent to hold for the second term, and authorities are cited from other States so holding. But he

insists that under section 99 of the Constitution, county officers hold for their term, "and until the election and qualification of their successors;" and it is earnestly argued that some force must be given to the word "election," and that in this class of offices a different rule applies than in those cases where the incumbents hold for a term, "and until the qualification of their successors." It is said that the purpose of the distinction is to allow the people to choose themselves certain officers, and to prevent these offices being filled by appointment. We are unable to see why the framers of the Constitution should have secured to the people the service of only officers of their own choosing in minor matters, when they allowed the judges of the circuit court and of this court to be appointed in case of a vacancy. The language of section 99, relating to county officers, is the same as section 91, relating to all the more important State offices, such as attorney general, auditor, treasurer and the like, all of whom hold under that section, "until their successors are elected and qualified." By section 93 it is provided that the treasurer, auditor, secretary of State, commissioner of agriculture, attorney general, superintendent of public instruction, and register of the land office shall be ineligible to re-election "for the succeeding four years after the expiration of the term for which they shall have been elected." And by section 99 sheriffs are ineligible to re-election for the succeeding term. The purpose in making these officers ineligible for re-election was to put the offices in new hands once in four years, experience having shown that long holdings by one incumbent offered opportunities for the detriment of the public interest. This purpose of the Constitution would be entirely defeated if the old incum-

'bent could hold over for the second term because his successor failed to qualify.    The meaning of the provision is that these officers shall hold only for one term, and it can not be that one rule of construction of the words, "until the election and qualification of their successors," shall be given in the case of these offices, and a different rule as to the others named in the same section.

The elective system of choosing public officers of this class was first established in the State by the Constitution of 1850.    The first General Assembly after the adoption of that Constitution enacted this statute in the chapter on elections and vacancies:    "The term vacancy in office or any equivalent phrase as used in this article means such as exist when there is an unexpected part of a term of office without a lawful incumbent therein, or when the person elected or appointed to an office fails to qualify according to law, or when there has been no election to fill the office at the time appointed by law.    It applies whether the vacancy is occasioned by death, resignation, removal from the State, county, district, or otherwise."    1 Stanton's Rev. St., 439.    The statute is still in force and was in force at the time of the adoption of the present Constitution.    The term "vacancy" had at that time a well defined legal meaning among the people of the State by reason of the statute which had been in force 40 years, and, taking all the sections of the Constitution together, we think it evident that the framers of that instrument used the term in the sense then well settled in the State.    The same General Assembly also passed this statute: "If the official bond is not given and the oath of office taken within thirty days of the time when the officer was elected or received notice of his appointment, or of the time when his appointment ought to take effect, the office

shall be considered vacant, and he shall not be re-eligible thereto for two years." 2 Stanton's Rev. St., p. 191. This statute has also been re-enacted since the adoption of the present Constitution by a Legislature composed of not a few members of the constitutional convention, and its constitutionality was not assailed so far as we are aware. The act was prepared by the revisers, two of whom were members of the convention, and was approved by the governor who was vigilant in insisting upon constitutional restrictions. The Legislature for the protection of the public service and the proper conduct of the public business certainly had the power to establish some reasonable regulation on this subject. And, if the Legislature may declare a vacancy to exist when an officer fails to qualify in a prescribed time, we see no reason why it may not declare a vacancy where his failure to qualify within the time so fixed is due to his death after his election, and before the time for his qualification. In Daugherty v. Arnold, 110 Ky., 1 (22 R., 1504) (60 S. W., 865), we held that in case of a vacancy in the office of justice of the peace the governor alone has authority to fill it. To this conclusion we also adhere.

Judgment affirmed. **Whole** court sitting.

Chief Justice Paynter, and Judge O'Rear dissenting.

Petition for rehearing by appellant overruled.