CASE 49.—MANDAMUS BY B. S. HAHN TO COMPEL AUGUS-
TUS E. WILLSON AS GOVERNOR TO ISSUE HIM
A COMMISSION AS POLICE JUDGE OF TYRONE, A
TOWN OF THE SIXTH CLASS.—January 20.

# Willson, Governor, v. Hahn

Appeal from Franklin Circuit Court.

R. L. Stout, Circuit Judge.

Judgment for Hahn.    The Governor appeals.—Re-
versed.

1.  Judges—Police Judge—Power to Appoint.—Const. section 160,
    authorizes the General Assembly to provide how vacancies in
    offices in towns may be filled. Act May 6, 1893 (Laws 1893, p.
    887, c. 196), section 20, empowers the board of trustees of
    a town of the sixth class to fill a vacancy in any elective
    office by appointment.  Act Feb. 10, 1894 (Laws 1894, p. 11,
    c. 8; Ky. Stats. 1903, section 3758), provides that a police
    judge, among other officers, shall have a commission issued
    to him by the Governor, and that a vacancy in such office
    shall be filled by appointment of the Governor.  Act March
    16    1894 (Laws 1894, p. 187, c. 181), and Act March 19,
    1894 (Laws 1894, p. 213, c. 96; Ky. Stats. 1903, section 3692),
    add to Act May 16, 1893, section 20, the clause that if, from
    failure to elect at the time fixed or other cause, there shall
    be a vacancy in the entire board of trustees, then the county
    court shall have power to appoint five trustees, who shall
    hold office until the next election.  Held, that Act Feb. 10,
    1894 (Laws 1894, p. 11, c. 8; Ky. Stats. 1903, section 3758),
    repealed Act May 6, 1893, section 20, so far as it was incon-
    sistent therewith, and that Act Feb. 10, 1894, was not in turn
    repealed by Act March 16, 1894 (Laws 1894 p. 187, c. 81),
    and Act March 19, 1894 (Laws 1894, p. 213, c. 96; Ky. Stats. 1903,
    section 3692), as they related, as to such additional clause,
    to an entirely different subject, and the fact that the section,
    as amended, was reprinted in full in the amendatory acts
    was due to the constitutional requirement, and that the

Willson, Governor, v. Hahn.

power to fill a vacancy in the office of police judge of a town of the sixth class, it being an elective office, was in the Governor, and not in the board of trustees.

2. Statutes—Construction of Acts of Same Assembly.—Acts of the same assembly will not be construed as inconsistent, if they can be fairly read otherwise.

JAMES BREATHITT, Attorney General, and CHARLES H. MORRIS for appellant.

1. The Acts of March 16 and 19, 1894, did not so amend the Act of May 6, 1893, as to put back into effect the repeal worked by the passage of the Act of February 10, 1894.

2. If the Acts of March 16 and 19, 1894, did amend the Act of May 6, 1893, to the extent of putting back into effect that portion of it which provided for the filling of the vacancy by the trustees (which we do not admit), then the subsequent Act of February 10, 1894, repealed same in so far as such power was restored.

For the reasons given above, and the reasons given in the outset, that an action for mandamus will not lie because an expedient, adequate, and just as beneficial remedy is pointed out to plaintiff, we ask this court to reverse the lower court and to hold that the demurrer to the answer should have been overruled, and the demurrer to the petition sustained.

## AUTHORITIES.

Acts of 1893, May 6; Acts of 1894, February 10; Acts of 1894, March 16; Acts of 1894; March 19; Ky. Stats., secs. 3551-3552, Fourth Class; Ky. Stats., sec. 3692, Sixth Class; Ky. Stats., sec. 3758, Office and Officers; Traynor v. Beckham, 25 Ky. Law Rep. 283; Traynor v. Beckham, 25 Ky. Law Rep. 981, extension; Daugherty v. Arnold, 22 Ky. Law Rep. 1504; Civil Code, sec. 480; Boyd v. Chambers, 78 Ky. 140; Collopy v. Cloherty, 95 Ky. 330; Toney v. Harris, 78 Ky. 453; Constitution, sec. 160; Lewis Sutherland, Statutory Construction, sec. 247; Lewis Sutherland, Statutory Construction, sec. 246; Smiths' Com. on Statutory Construction, sec. 783; Godshaw v. Commonwealth, 92 Ky. 435; Lampkin v. Pike, 90 American State Reports, 153; McArthur v. Franklin, 16 Ohio State Reports, 193; Spalding v. Alford, &c., 1 Pick. (Mass.) 33.

Willson, Governor, v Hahn.

·LILLARD CARTER for appellee.

It will not be seriously contended that the same General Assembly that passes a law can not repeal its act before it goes into effect. Any other position would render it powerless to correct its own mistakes. Of course, if a bad bill should pass the Legislature without an emergency clause, the only way to prevent it from going into effect would be by the passage of a repealing act with an emergency clause, as was done in the matter under consideration. For the purposes of the amendment and repeal thereof, a bill passed without an emergency clause, is in existence from the approval of the Governor; but as a law repealing conflicting laws, and effecting the rights and powers of the people, it is in effect only after ninety days from the adjournment of the General Assembly which passed it.

### AUTHORITIES CITED.

Constitution, sec. 160; Constitution, sec. 55; Constitution, sec. 51; Act of February 10, 1894; Act May 6, 1893, Acts 1891, 1892 and 1893, sec. 20, p. 887; Act March 16, 1894, Acts 1894, p. 187; Act March 19, 1894, Acts 1894, p. 215; Traynor v. Beckham, 25 Ky. Law Rep. 283; Lee v. Forman, 60 Ky. 114; Kirkpatrick v. Comth., 95 Ky. 326; Loran v. City of Louisville, 4 Ky. Law Rep. 257.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

C. B. Butner, the police judge of Tyrone, Ky., a town of the sixth class in Anderson county, died on July 7, 1908. On July 9th the board of trustees of the town appointed B. S. Hahn to fill the vacancy. On July 11th he presented his certificate of election to the Governor and demanded a commission. The Governor declined to issue the commission and appointed J. N. Johnson as police judge of Tyrone. Thereupon Hahn instituted this suit against the Governor, asking a mandamus requiring the Governor to issue him a commission. The circuit court entered a judgment as sought, and the Governor appeals.

The only question necessary to be determined on the appeal is whether the power to fill the vacancy in the office of police judge of Tyrone was vested in the Governor or in the board of trustees. By section 160 of the Constitution the General Assembly may provide how vacancies in offices in towns and cities may be filled. By the original act for the government of towns of the sixth class, to which Tyrone belongs, approved May 6, 1893 (Laws 1893, p. 887, c. 196), it was provided that, "when a vacancy occurs in any of the elective offices provided for in this chapter, the board of trustees shall fill such vacancy by appointment for the time fixed in the Constitution" (section 20). The office of police judge was elective, and under the provision the board of trustees had power to fill a vacancy in the office by appointment. But by an act approved February 10. 1894 (Laws 1894, p. 11, c. 8), it was provided as follows: "The following officers shall have commissions issued to them by the Governor, that is to say: "Secretary of State, Register of the Land Office, Auditor of Public Accounts, Treasurer, Commissioner of Agriculture, Labor and Statistics, Superintendent of Public Instruction, judges of the Court of Appeals, clerk of the Court of Appeals, judges of the circuit courts, county judges, police judges, railroad commissioners, Commonwealth's attorneys, justice of the peace, notaries public, and all other officers of the militia of rank and grade higher than and including the rank of captain. Should any vacancy occur in any of said offices by reason of death, resignation or removal of the officer, or from any other cause, or should a like vacancy occur in any other office where there is no provision of law for filling same, such vacancy shall be filled by the appointment of the Governor, subject to the pro-

visions of the Constitution applicable thereto." Ky.
Stats., 1903, section 3758.

As this act was later than the act of May 6, 1893,
it repealed that act in so far as it was inconsistent
with it. In Daugherty v. Arnold, 110 Ky. 1, 60 S. W.
865, 22 Ky. Law Rep. 1504, the court had before it
the proper construction of the act of 1894, and it was
there held in effect that the act authorizes the Gov-
ernor to fill vacancies (1) in all the offices named in
the act, and (2) in all other offices where there is no
provision of law for filling same. It is insisted for
appellee that the rule thus laid down was departed
from in Traynor v. Beckham, 116 Ky. 13, 74 S. W.
1105, 76 S. W. 844. But in that case Traynor relied
upon an act passed after the act of 1894 above re-
ferred to, and it will be observed that the opinion in
that case turns upon the ground that sections 3551
and 3552 were enacted subsequent to section 3758,
which is the act of 1894; and in its response to the
petition for rehearing on page 27 of 116 Ky., and page
844 of 76 S. W., the court recognized the authority of
Daugherty v. Arnold, and recognized that the Gov-
ernor had authority to fill vacancies in the office of
justice of the peace. The difference in the two cases
rests on the fact that the Traynor case was held to be
controlled by a later statute. The office of justice of
the peace and the office of police judge are both named
in the act of 1894; and the power of the Governor to
appoint a justice of the peace is precisely the same
as his power to appoint a police judge, unless by a
later act the rule has been changed.

It is also insisted that by the acts of March 16, 1894
(Laws 1894, p. 187, c. 81), and March 19, 1894 (Laws
1894, p. 213, c. 96), which are later than section 3758,
Ky. Stats., 1903, above referred to, the Legislature

has repealed that act as far as it applies to police judges in towns of the sixth class. These acts simply added to the original section of the act these words: "And if, from failure to elect at the time fixed by the law, or other cause, there shall be a vacancy in the entire board of trustees, then the county court of the county shall have power to appoint five trustees, who shall hold their office until the next regular election." In adding these words to the section there is nothing to show a legislative intention to repeal the previous act passed at the same session of the Legislature. They relate to an entirely different subject. The rule is that acts of the same assembly are read together, and are not construed as inconsistent one with the other, if they can be fairly read otherwise. If these words had simply been added to the old act, manifestly they would not show an intention to make any other change in that act, and the fact that the section as amended is reprinted in full in the amendatory act is due to the requirement of the Constitution that this shall be done. The mere reprinting of the section in the act as amended does not, therefore, show any intention on the part of the Legislature to repeal the act of February 10, 1894.

We therefore conclude that the board of trustees of Tyrone are without authority to fill the vacancy in the office of police judge, and that their appointment of Hahn gave him no right to a commission.

Judgment reversed, and cause remanded, with directions to dismiss the petition.