### Jarvis v. Stanley, Governor.

(Decided July 14, 1917.)

### Appeal from Franklin Circuit Court.

1. Officers—Vacancy in Office of Police Judge—Mode of Filling.— As Constitution, section 152, provides that vacancies in all offces for the state at large, or districts larger than a county, shall be filled by appointment of the Governor, but that all other appoint- ments shall be made as prescribed by law; and section 3551, Ken- tucky Statutes, provides that a vacancy occurring in any office which the council of a city has the right to fill by appointment, may be filled by it for the remainder of the unexpired term; and section 3552 declares that if a vacancy shall occur in any elective office, including the office of councilman, such vacancy shall be filled by the council, subject to the provisions of the constitution; Held: that under the provisions of the above sec- tions, and those of section 3510, Kentucky Statutes, which de- clare that the office of police judge of a city may be filled by election or by appointment of the council, as that body may de- termine by ordinance, the council of a city of the fourth class, and not the Governor of the state, has authority to fill a vacancy in the office of police judge in such city.

2. Officers—Appointment by City Council of Police Judge—Duty of Governor to Issue Commission.—Where a police judge of a city of the fourth class is legally appointed by the council to fill a vacancy, section 3758, Kentucky Statutes, which declares that police judges shall be commissioned by the Governor, makes it the ministerial duty of the latter to issue to him a commission.

CHAS. H. MORRIS, Attorney General, OVERTON S. HOGAN, Assistant Attorney General, attorneys for plaintiff.

SCOTT & HAMILTON, attorneys for defendant.

OPINION BY CHIEF JUSTICE SETTLE—Overruling mo- tion to dissolve injunction.

The question involved in this case is, whether au- thority to fill a vacancy in the office of police judge in a city of the fourth class is in the board of council of such

city or in the Governor of the state. All questions of pleading or procedure are waived by the parties.

The case comes before me as Chief Justice of the Court of Appeals on the motion of the defendant, Hon. A. O. Stanley, Governor, to dissolve a mandatory injunction granted by the judge of the Franklin circuit court requiring him to issue to the plaintiff, R. N. Jarvis, a commission as police judge of Barbourville, a city of the fourth class, to which office he was appointed by its board of council to fill a vacancy caused by the resignation of the former incumbent, J. H. Jarvis. The injunction was granted at the suit of the plaintiff, R. N. Jarvis, who, admittedly, possesses the legal qualifications entitling him to hold the office in question. The refusal of the Governor to issue the commission applied for by Jarvis was based upon the single ground that his appointment to the office by the board of council of Barbourville was illegal, it being the opinion of the Governor that authority to fill the vacancy therein is conferred by the law upon him as the chief executive of the state.

Section 152, Constitution, confers upon the Governor authority to fill all vacancies in office for the state at large, or for districts larger than a county. The same section further provides that vacancies in other offices than those mentioned shall be filled as prescribed by law. The law controlling the filling of a vacancy in the office of police judge in cities of the fourth class is contained in sections 3551, 3552, Kentucky Statutes. These sections are parts of an act of the legislature approved March 24, 1894. Section 3551 provides:

"If a vacancy shall occur in any office which the board of council has a right to fill by appointment, such a vacancy may be filled by the board for the remainder of the term of such vacant office."

Section 3552 is as follows:

"If a vacancy shall occur in any elective office, including the office of councilman, such vacancy shall be filled by the board of council, subject to the provisions of the constitution applicable thereto.

"If the election of any elective officer in cities of this class be contested such contest shall be conducted and determined as provided by law in cases of the election of county officers."

It is the contention of counsel representing the Governor that he as the chief executive of the state is given authority by section 3758, Kentucky Statutes, to fill a

vacancy in the office of police judge in a city of the fourth class, which section is as follows:

"The following officers shall have commissions issued to them by the Governor; that is to say, Secretary of State, Register of the Land Office, Auditor of Public Accounts, Treasurer, Commissioner of Agriculture, Labor and Statistics, Superintendent of Public Instruction, Judges of the Court of Appeals, Judges of Circuit Court, County Judges, Police Judges, Railroad Commissioners, Commonwealth's Attorneys, Justices of the Peace, Notaries Public, and all officers of the militia of rank and grade higher than and including the rank and grade of captain. Should a vacancy occur in any of said offices, by reason of the death, resignation or removal of the officer or from any other cause, or should a like vacancy occur in any other office where there is no provision of law for filling same, such vacancy shall be filled by the appointment of the Governor, subject to the constitution applicable thereto."

It is argued by counsel that sections 3551 and 3552, Kentucky Statutes, though enacted March 24, 1894, are but amendments to sections 110 and 112 of the act of June 28, 1893, and that as section 3758, *supra,* is a part of the act of February 10, 1894, it is not affected by sections 3551 and 3552. This contention is wholly overthrown by the opinion of the Court of Appeals in Traynor v. Beckham, Governor, 116 Ky. 19. In that case a vacancy occurred in 1903 in the office of police judge of the city of Nicholasville, a city of the fourth class, by the death of the incumbent. The appellant, John Traynor, was appointed by the board of council of Nicholasville to fill the vacancy. The then Governor of this state, Hon. J. C. W. Beckham, refused to issue to him a commission entitling him to enter upon the discharge of the duties of the office to which he had been appointed, upon the ground that authority to fill the vacancy was in him as Governor and not in the board of council of Nicholasville. The circuit court sustained the contention of the Governor, but on appeal that judgment was reversed. As the opinion fully answers the argument of counsel for the Governor in the instant case, so much thereof as will be found pertinent to the question at issue is here quoted:

"The office of police judge may be filled by election or by appointment of the board of council, as the board may determine by ordinance. Section 3510, Kentucky

Statutes. Where the board of council shall have provided by ordinance, as required by section 3510, for the appointment of police judges, then under section 3551, if a vacancy occurs, the board of council may by appointment, fill it for the rest of the term. If it is made elective, then the board of council is authorized to fill it subject to the provisions of the constitution applicable thereto.

"Whether the office of police judge is filled by election or by appointment, if a vacancy occurs therein, it is filled by the board of council. Sections 3551 and 3552 were enacted subsequent to 3758, which reads as follows (as section 3758 is quoted in a previous part of this opinion, it is for the sake of brevity, here omitted):

"As sections 3551 and 3552 provide for the filling of a vacancy in the office of police judge, they control, because section 3758 only authorizes the Governor to fill a vacancy in the office of police judge 'where there is no provision of law for filling the same.' It follows, therefore, the board of council had the right to fill the vacancy. When a police judge has been duly appointed or elected, it is made the duty of the Governor, by section 3758, to issue such one a commission authorizing him to enter upon the discharge of the duties of the office; for it is written in that section that certain officers (including police judges) shall have commissions issued them by the Governor."

It will be observed that, though not so expressly stated therein, it is the evident meaning of the opinion that sections 110 and 112 of the act of 1893, and so much of section 3758 of the act of February 10, 1894, as is repugnant to the act of March 24, 1894, were repealed by the latter act, and sections 3551 and 3552 enacted in lieu thereof, both of which in fuller terms, than did sections 110 and 112, confer upon the board of council of cities of the fourth class authority to fill by appointment a vacancy in the office of police judge. Indeed, section 7 of the act of March 24, 1894, expressly declares the repeal of section 112 thereof and enacts in lieu of the same 3552; and as said in the opinion, *supra*, as sections 3551 and 3552 were enacted subsequent to section 3758, and they provide for the filling by appointment of the board of council of a vacancy in the office of police judge, "they control, because section 3758 only authorizes the Governor to fill a vacancy in the office of police judge where there is no provision in law for filling the same."

Obviously, the opinion in Traynor v. Beckham is conclusive of the authority of the board of council of the city of Barbourville to appoint the plaintiff Jarvis to fill the vacancy in the office of police judge; and also of the right of the latter to the commission requested of the Governor. Indeed, this is conceded by counsel for the Governor, but it is insisted by him that the opinion in Traynor v. Beckham is in conflict with that of the Court of Appeals in Willson v. Hahn, 131 Kentucky 439, and should therefore be overruled.

In Willson, Governor, v. Hahn, it was held that the Governor instead of the board of trustees of Tyrone, a city of the sixth class, had authority to fill a vacancy in the office of police judge, but the opinion refutes the contention of counsel as to its being in conflict with that of Traynor v. Beckham; with respect to which it is therein said: "It is insisted for appellee that the rule thus laid down was departed from in Traynor v. Beckham, 116 Ky. 13. But in that case Traynor relied upon an act passed after the act of 1894 above referred to, and it will be observed that the opinion in that case turn upon the ground that sections 3551 and 3552 were enacted subsequent to sections 3758, which is the act of 1894; and in its response to petition for re-hearing on page 27 of 116 Ky. and page 844 of 76 S. S. the court recognized the authority of Daugherty v. Arnold, and recognized that the Governor had authority to fill vacancies in the office of justice of peace. The difference in the two cases rests on the fact that the Traynor case was held to be controlled by a later statute. The office of justice of the peace and the office of police judge are both named in the act of 1894; and the power of the Governor to appoint a justice of the peace is precisely the same as his power to appoint a police judge, unless by a later act the rule has been changed."

It follows from what has been said that the action of the Franklin circuit court in granting the mandatory injunction requiring the Governor to issue the plaintiff Jarvis the commission applied for was not error, hence the motion of the Governor to dissolve the injunction is overruled.

Judges Carroll, Thomas and Clarke sat with me in the consideration of this case and each of them concurs in the conclusions herein expressed.