**William J. HERINGER, Appellant,**

v.

**Joseph S. ROLF, Appellee.**

Court of Appeals of Kentucky.

Feb. 7, 1956.

Marion W. Moore, Covington, Lawrence V. Drahman, Newport, for appellant.

Daniel W. Davies, Davies & Hirschfield, Newport, for appellee.

CULLEN, Commissioner.

The question is whether the mayor of the City of Newport or the Governor of Kentucky has the power to fill a vacancy in the office of police judge for the city. Upon the occurrence of a vacancy in January 1956, the Governor appointed and commissioned one William Heringer. On the same day the mayor appointed one Joseph Rolf, whom the Governor refused to commission. In a declaratory judgment action between the two appointees, the court held that Rolf was entitled to the office. Heringer has appealed.

KRS 84.300, which relates generally to cities of the second class (of which Newport is one), provides in part that the mayor shall:

"(g) Fill by appointment all vacancies in city offices, except where otherwise provided by statute, subject to the provisions of § 152 of the Constitution".

KRS 63.190 provides:

"In every case where there is no other provision of law for the filling of a vacancy in any office, the vacancy shall be filled by appointment by the Governor."

We think it is obvious, on the face of these two statutes, that the appointing power for the office of police judge rests in the mayor.

The appellant contends that KRS 84.300 applies only to cities of the second class having the councilmanic form of government, and since Newport has the city manager form of government, the statute does not apply to Newport. This contention may be answered by a reference to KRS 89.400, which provides, in part:

"All laws applicable to and governing cities of the second * * * class and not inconsistent with the provisions of this chapter relating to the city manager form of government shall continue to apply to and govern each city that organizes under the city manager form of government. * * *"

There is nothing in KRS Chapter 89 that relates to filling vacancies in the office of police judge, so KRS 84.300 cannot be considered to be "inconsistent with the provisions of" that chapter.

The appellant seeks to resort to legislative history of the statutes in question, prior to the Revision of 1942, to show that KRS 63.190 takes precedence over KRS 84.300. Since there is no ambiguity in these statutes, reference may not be had to the former statutes for the purpose of construction. KRS 446.130; Fidelity & Columbia Trust Co. v. Meek, 294 Ky. 122, 171 S.W.2d 41.

Even if we should resort to legislative history, our construction of the statutes would be the same. Section 3108 of Carroll's Statutes, from which KRS 84.300 was derived, was enacted later than the 1894 amendment to Section 3758, by which was created the provision concerning the Governor's power to fill vacancies that now ap-

pears in KRS 63.190. This fact gave precedence to Section 3108. See Traynor v. Beckham, 116 Ky. 13, 74 S.W. 1105, 76 S.W. 844; Jarvis v. Stanley, 176 Ky. 630, 197 S.W. 183. The subsequent amendment of Section 3758, in 1930, did not have the effect of changing the order of precedence. Dillon v. Stubbs, 267 Ky. 17, 100 S.W.2d 823.

The mere fact that under KRS 61.-020 the Governor issues commissions to police judges does not of itself vest in him exclusive power of appointment to fill vacancies. Frost v. Johnston, 262 Ky. 592, 90 S.W.2d 1045; Traynor v. Beckham, 116 Ky. 13, 74 S.W. 1105, 76 S.W. 844; Jarvis v. Stanley, 176 Ky. 630, 197 S.W. 183; Dillon v. Stubbs, 267 Ky. 17, 100 S.W.2d 823.

The judgment is affirmed.