## Thomas, Insurance Commissioner v. Hurst Home Insurance Company.

(Decided December 5, 1919.)

### Appeal from Franklin Circuit Court.

1. Statutes—Implied Repeal—Repugnant Statute.—A statute may be repealed by the express provision of a subsequent statute or by implication when the provisions of the earlier and later statutes are repugnant to each other and irreconcilable, or when the subsequent statute covers the whole subject matter of the former and is manifestly intended as a substitute for it.

2. Statutes—Implied Repeal.—Repeals by implication are not favored and will not be declared except it be impossible to permit both statutes to stand. If an earlier and later statute cannot be harmonized so as to allow the two to stand without violence to some part of the language employed in one or both statutes, they should be construed so that as much as possible of each will remain.

3. Statutes—Later Act Substitution of Former Act—Domestic Fire Insurance Companies.—Where it is provided by statute that all insurance companies shall pay a certain percentage of their gross premium receipts for the maintenance of the Fire Marshal's office, and a later act is passed which is plainly a substitute for the earlier one, embracing, as it does the provisions thereof, it will operate as a repeal of so much of said earlier acts as are covered by the substitute, and where in another act of the same session it is provided that any act passed at that session shall not apply to co-operative or assessment fire insurance companies the later act of the same session prevails and the levy of the tax on gross premium receipts is not applicable to domestic co-operative or assessment fire insurance companies.

4. Statutes—Repeal of Statutes.—The act of March 15, 1916, operated as a repeal of so much of the act of March 11, 1912, as is embraced in section 762b of the Ky. Stats., excepting only that portion of section 2 of the 1912 Act as was amended in 1914, and as now found in section 762f-12 of Ky. Stats., 1918, vol. 3.

5. Statutes—Inconsistent Statutes—Construction.—Where acts passed at the same session of the legislature are necessarily inconsistent and it is impossible to harmonize them, the later statute which

deals with the subject-matter in a minute and particular way will prevail over one of a more general nature.

6. Statutes—Interpretation.—Where the words of a statute are plainly expressive of an intent not rendered dubious by the context it will be so interpreted as to conform to and carry out the intent.

CHARLES H. MORRIS, Attorney General, and CLARENCE F. THOMAS for appellant.

DAVID H. CLINE for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

March 21, 1906, the legislature passed an act entitled "An act to provide for the investigation of fires in this Commonwealth and to provide for the appointment of a deputy insurance commissioner to be designated 'fire marshal of the state of Kentucky,' also to provide for the payment of expenses incurred in the investigation of fires in this Commonwealth" (Ky. Stats. 1915, sec. 762a).

Of similar import but greater amplification is an act of March 11, 1912 (Ky. Stats., sec. 762b). In the latter act provision is made for assistants to the fire marshal, their powers and duties fixed and the salaries of the fire marshal and his assistants provided for.

Section 2 of the 1912 act was amended in 1914 (chap. 71, page 205, acts 1914). See Kentucky Statutes 1918, sec. 762f-12.

In an act of March 15, 1916, pertaining to the state insurance board provision is made, "For the prevention of fire waste and for the establishment of the office of state fire marshal, fixing salaries and expenditures and prescribing duties." Section 49 of this act repeals section 762a Carroll's Statutes 1915 (the act of 1906), and all conflicting laws.

In the act of 1906 a tax of one-third of one per centum of the gross premium receipts of fire insurance companies doing business in this state was levied to defray the expenses of the fire marshal's office. This tax was fixed at one-half of one per centum of the gross premiums by the 1912 and 1916 acts.

Appellee, a domestic assessment or co-operative insurance company, together with six other similar companies brought this suit against the insurance commissioner seeking to enjoin him from collecting this tax, it

being alleged that the 1906 and 1912 acts had been repealed by section 49 of the 1916 act, and that co-operative or assessment companies were exempt from the payment of the tax under the provisions of an act passed March 22, 1916 (Ky. Stats. 1918, sec. 722a-6), to regulate the organization and operation of assessment or co-operative fire insurance companies. Section 29 of which reads as follows:

"The provisions of any other act relating to insurance or insurance companies passed at the present session of the general assembly shall not apply to co-operative or assessment fire insurance companies organized under the laws of this state."

Appellee alleged further that the March 22, 1916, act provided what sums co-operative and assessment companies should pay and there was no provision for the tax of one-half of one per centum of the gross premium receipts.

From a judgment adverse to his contentions the insurance commissioner has appealed.

The act of March 15, 1916, expressly repeals section 762a, Kentucky Statutes (Act of 1906), and all inconsistent acts or parts of acts, and if section 5 of the act of 1912 or the entire act (Ky. Stats. 762b) was repealed, as claimed by appellee, it would be by implication only.

A statute may be repealed by the express provision of a subsequent statute or by implication when the provisions of the earlier and later statutes are repugnant to each other and irreconcilable, or when the subsequent statute covers the whole subject matter of the former and is manifestly intended as a substitute for it. Exall v. Holland, 166 Ky. 315, 179 S. W. 241.

It is a well settled principle of statutory construction that repeals by implication are not favored and will not be declared except it be impossible to permit both statutes to stand. L. & N. R. R. Co. v. Jarvis, 27 Rep. 986, 87 S. W. 759.

If both acts, by any reasonable construction can be construed together, both will be sustained. 36 Cyc. 1037.

If they cannot be harmonized so as to allow the two to stand without violence to some part of the language employed in one or both statutes, they should be construed so that as much as possible of each will remain.

Commonwealth v. International Harvester Co., 131 Ky. 551, 115 S. W. 703, 133 Am. St. Rep. 256.

The rule is thus stated in 36 Cyc. pp. 1077, 1078:

"Where, however, a later act covers the whole subject of earlier acts and embraces new provisions, and plainly shows that it was intended, not only as a substitute for the earlier acts, but to cover the whole subject then considered by the legislature, and to prescribe the only rules in respect thereto, it operates as a repeal of all former statutes, relating to such subject-matter, even if the former acts are not in all respects repugnant to the new act."

By the express language of section 29 of the March 22, 1916, act, no provision of the earlier act (March 15, 1916) is applicable to domestic co-operative or assessment fire insurance companies. If, therefore, Kentucky Statutes 762b (Act of 1912), or section 5 thereof was repealed by the March 15, 1916, act, appellee is not subject to the tax.

A careful comparison of the acts of March 15, 1916, and March 11, 1912, the latter as amended in 1914, conclusively shows that the later act was intended to be a revision of and substitute for the earlier one; each provision of the 1912 act is incorporated in the subsequent statute, but with greater elaboration.

As expressed in Grant v. B. & O. Ry. Co., 66 W. Va. 175, 66 S. E. 709:

"A later statute, covering the whole subject matter of an earlier one, not purporting to amend it, and plainly showing it was intended to be a substitute for the earlier act, works a repeal of such earlier act by implication, even though the two are not repugnant in the usual sense of the term."

See also U. S. v. Tyner, 11 Wall. 88; Murphy v. Otter, 186 U. S. 95, 22 Sup. Ct. 776, 46 L. Ed. 1070; State of Washington v. Carbon Hill Coal Co., 4 Wash. 422; Cunningham v. Cokeley, 79 W. Va. 60, 90 S. E. 546; L. R. A. 1917b, 718, 25 R. C. L. 1915.

In Gorham v. Luckett, 6 B. Mon. 146, is found an analogous case. A statute of 1799 directed the appointment of jailers and fixed their term of office during the pleasure of the court by whom appointed. By a statute of 1802, power was given to the county courts to remove jailers whenever it should appear to them that they

had been guilty of neglect of duty, thus raising the question whether the provisions of the earlier act were expressly or impliedly repealed by the later one.

In speaking on the question the court says:

"But if a subsequent statute requires the same, and also more than a former statute had made sufficient, this is in effect a repeal of so much of the former statute as declares the sufficiency of what it prescribes. And if the last act professes, or manifestly intends to regulate the whole subject to which it relates, it necessarily supersedes and repeals all former acts, so far as it differs from them in its prescriptions. The great object, then is, to ascertain the true interpretation of the last act. That being ascertained, the necessary consequence is, that the legislative intention thus deduced from it, must prevail over any prior inconsistent intention to be deduced from a previous act."

To the same effect is Head v. Commonwealth, 165 Ky. 603, 176 S. W. 1162.

Unexplained, the direct repeal of Kentucky Statutes 762a with no express reference to section 762b, would be strongly persuasive of the legislative intent not to repeal the latter. But paralleling section 762b and the 1916 act we find the latter covers precisely the same ground and was intended to embrace the same objects and general purposes as the earlier act, with the exception only of a part of section 2 as amended by the act of 1914, relating to the right of appeal on the part of the owner or occupant of property from an order of the fire marshal or his assistants requiring the correction of any unsafe conditions tending to increase the fire hazard.

In commenting upon the effect of these two statutes the editor of volume 3, Kentucky Statutes 1918, in a note to section 762f-12 states (parenthetical clause omitted):

"The act of March 15, 1916, clearly seems to cover all parts of the act of 1912 as amended in 1914 (section 762b, Kentucky Statutes, 1915 edition), except that part of section 2 as given above. The act of 1916 makes no provision whatever for the review by the courts of the orders of the state fire marshal. Neither does said act of 1916 expressly repeal or amend said acts of 1912 and 1914. For this reason I have compiled so much of the

acts of 1912 and 1914 as do not seem necessarily in conflict with the act of 1916, as section 762f-12. This right of appeal to the courts seems to have been the only subject included in the old law which was not legislated upon in the act of 1916, nor such right of appeal given under the old law expressly denied."

The legislature unquestionably intended the later act as a substitute for the earlier one and it will be so treated to the extent of the duplication and we hold that the act of 1916 (March 15), operated as a repeal of all of section 762b, excepting only that part of the 1914 amendment above referred to and which is now section 762f-12. of Kentucky Statutes, volume 3, 1918.

The effect of this ruling will be to exempt appellee from the payment of one-half of one per centum of its gross premium receipts. While the act of March 15, 1916, requires the payment of the tax, the act of March 22, 1916, provides that the provision of any other act relating to insurance or insurance companies passed at that session of the general assembly shall not apply to domestic co-operative or assessment fire insurance companies, and to the extent of any repugnancy or inconsistency the later act must prevail.

As to statutes adopted at the same session we find this statement in 36 Cyc. 1151:

"The rule that statutes *in pari materia* should be construed together applies with peculiar force to statutes passed at the same session of the legislature; it is to be presumed that such acts are imbued with the same spirit and actuated by the same policy, and they are to be construed together as if parts of the same act. They should be so construed, if possible, as to harmonize, and force and effect should be given to the provisions of each; if, however, they are necessarily inconsistent, a statute which deals with the common subject matter in a minute and particular way will prevail over one of a more general nature; and of two inconsistent statutes enacted at the same session, that will prevail which takes effect at the later date.

"Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way the two should be read together and harmonized, if possible, with a view to giving effect to

a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special will prevail over the general statute. Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one; . . ."

See also Endlich on Interp. of Stats., secs. 45 and 188; Peyton v. Moseley, 7 Mon. 77; Nazareth Lit. & Ben. Inst. v. Commonwealth, 14 B. Mon. 214; Willson v. Hahn, 131 Ky. 444 115 S. W. 231; Lambert v. Board of Trustees Public Library, 151 Ky. 725, 152 S. W. 802; State v. Marion County, 170 Ind. 595, 83 N. E. 513.

It is not for the courts to question the reason, the justice, nor the wisdom of the lawmaking power in the enactment of laws. It is the court's duty to interpret, not make the laws. Why the legislature should exempt companies such as appellee from this tax is a matter that must address itself to the legislative branch of the government.

As said in Endlich on Interp. of Stats., section 4:

"Where the words of a statute are plainly expressive of an intent not rendered dubious by the context, the interpretation must conform to and carry out the intent. It matters not, in such a case what the consequence may be."

Finding no error in the judgment appealed from, same is accordingly affirmed.