# Jefferson County Fiscal Court v. Grauman, County Attorney, et al.

Feb. 6, 1940.

Edwin C. Willis for appellants.

Lawrence S. Grauman, County Attorney, and Robert L. Sloss, Assistant County Attorney, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The conflicting contentions made by the parties upon this appeal revolve around the question of whether or not the county judge pro tem., appointed by the judge of the Jefferson county court, has the right and authority to serve as a member of the fiscal court when the county judge is absent from his office or is for any reason unable to perform the duties of his office, or, that is to say, is authorized to perform any duty imposed by law upon a member of the fiscal court.

There is no dispute between the parties as to the facts out of which this question of law arises, as appellants' answer expressly admits the allegations of fact contained in plaintiff's petition.

These facts are as follows:

On December 20, 1939, Mark Beauchamp, the duly elected and acting judge of Jefferson county, anticipating his absence from his office on December 21, and for such reason his inability to perform the duties of his office, had an order entered by the Jefferson county court, as authorized by the provisions of section 1059, Kentucky Statutes, appointing Lawrence J. Mackey county judge pro tem. On December 21, the Jefferson county fiscal court met, pursuant to adjournment, when the county judge pro tem., Lawrence J. Mackey, presented to it an attested copy of the order entered on December 20, appointing him county judge pro tem.

The Jefferson county fiscal court is and was at all the times herein mentioned composed in its membership of Mark Beauchamp, county judge, and three county commissioners, James W. Henning, Ben F. Ewing and Joseph Muenninghoff.

At the meeting of the court in question on December 21, there were present the county judge pro tem., Lawrence J. Mackey, and but two of the commissioners, Ben F. Ewing and James W. Henning, the regular county judge and commissioner Muenninghoff being absent.

By the minutes of this meeting, it is shown that upon the motion of Mr. Ewing, seconded by the pro tem. county judge, an order was passed, directing that a third elevator be installed in the fiscal court building and that the sum of $500 be appropriated from the court

house fund budget to be expended towards the cost of installing it. Mr. Ewing and the county judge pro tem. voted for and Mr. Henning against the resolution, when the motion was thereupon declared carried by the pro tem. judge.

Whereupon this appeal and petition for a binding declaration of the rights of the parties was brought by the county attorney, and Jefferson county on relation of the county attorney, against the appellants, claiming that the appropriation of $500, attempted to be made by the fiscal court as set forth, supra, was not authorized by law and void.

Plaintiff's contention is that the fiscal court, at this meeting of only two of the three county commissioners and the pro tem. county judge, was not authorized to pass the order appropriating the $500 for installing an elevator in the fiscal court building, for the reason that there was not present at the meeting a majority of the members of the fiscal court, in that the county judge pro tem. has no right or authority, under his appointment by the county judge, to serve as a member of the fiscal court or to participate in its meetings when the county judge is absent, or for any reason is unable to perform the duties of his office, and is not authorized thereby to perform any duty imposed by law upon the Jefferson fiscal court; that for such reason, the two commissioners, Ewing and Henning, present at the meeting did not constitute a majority of its four members and therefore there was neither a quorum present, as required for conducting its proceedings, nor did a majority of a quorum vote for the order attempted to be passed.

This cause coming on to be heard on the joint motion of the parties for a binding declaration of rights, and having been submitted on the petition and answer thereto, the court sustained the appeal and adjudged that the order of the fiscal court, passed on December 21, 1939, was void and that the county judge pro tem. was not, by virtue of his appointment as such, qualified to sit as a member pro tem. of the fiscal court.

Appellants contend that the county judge is, by virtue of his office, a member and presiding officer of the county fiscal court, as provided by section 1847, Kentucky Statutes which is applicable to Jefferson county, since it has adopted the commission form of fiscal court.

The applicable provision of this statute is that:

"Any county  *  *  *  so desiring it may have three commissioners  *  *  *  who, together with the judge of the county court shall constitute the fiscal court of said county."

Further, appellants insist that in as much as the General Assembly has provided that the overburdened county judge shall have, in each year, a one-month vacation (section 1072a, Kentucky Statutes), obviously the machinery of the county government could not be allowed to "creak to a stop" while he was on his vacation, so it wisely provided that the county judge could appoint a county judge pro tem. (section 1059, Kentucky Statutes), "who shall serve at the pleasure of the county judge. Said county judge pro tem. shall possess all the qualifications required by law of the regular judge  *  *  *. Said county judge pro tem. shall, when the county judge is absent from his office  *  *  *  perform any and all duties imposed by law upon the regular county judge."

It is insisted by appellants that, in view of these statutory provisions cited and quoted, the General Assembly intended the county judge pro tem. to step into the shoes of the county judge and perform all his functions, including that of serving as a member of the fiscal court.

Appellants advance in their brief very persuasive reasons why the General Assembly should provide for the appointment of a pro tem. county judge and also for alternate or pro tem. commissioners of the fiscal court, to the end that it might continuously and properly function, in view of the large volume of the county's business it is called upon to administer.

However this may be, we can only be influenced by what we conceive to be the law, in our decision as to whether or not the General Assembly has so provided.

The fiscal court is a creature of the Constitution and is thereby made a separate and distinct court, the membership and function of which is provided for by Section 144 of the Constitution, which is in part as follows:

"Counties shall have a fiscal court, which may con-

sist of the judge of the county court and the justices of the peace, *in which court the judge of the county court shall preside, if present; or a county may have three commissioners, to be elected from the county at large, who, together with the judge of the county court, shall constitute the fiscal court.* A majority of the members of said court shall constitute a court for the transaction of business." (Italics ours.)

It is obvious that the plain and concise language of this section makes no express provision for any pro tem. member of the fiscal court.

It makes no provision for the appointment of either a pro tem. county judge as a pro tem. member of the fiscal court or for the appointment of any pro tem. commissioner as a member of it, but the section merely describes one of the members of the fiscal court as being *the judge of the county court, who shall preside, if present and who, together with the county commissioners, shall constitute this separate and distinct fiscal court.*

Section 1059, Kentucky Statutes, provides that:

"The county judge may by an order entered on the order book of the county court appoint and designate a county judge pro tem., who shall serve at the pleasure of the county judge. * * * Said county judge pro tem. shall, when the county judge is absent from his office, or for any reason is unable to perform the duties of his office, perform any and all duties imposed by law upon the regular county judge."

By reason of the provision of section 1059, Kentucky Statutes, as set out supra (that "the county judge pro tem. shall * * * perform any and all duties imposed by law upon the regular county judge"), appellants insist that the General Assembly intended to empower the county judge pro tem. to "step into the shoes" of the county judge and perform all of his official functions.

To this the appellees respond that, conceding the General Assembly intended to thereby authorize the county judge pro tem. to perform all the functions of the county judge, it does not follow that he was given

the further right to perform the additional duties imposed by the Constitution, section 144, upon the county judge as a member of the fiscal court.

Further, it may well be that were section 1059 of the Statutes the only statute in reference to the appointment of a presiding officer for the fiscal court and authorizing the county judge, in the instance named, to appoint a pro tem. county judge, who shall perform all the duties imposed upon the county judge, we might be led to adopt the construction of section 1059 contended for.

However, we cannot adopt such construction of section 1059, in view of the express provisions of section 1833, Kentucky Statutes, enacted by the General Assembly in 1892, directing how the fiscal court shall conduct its proceedings when the judge of the county court is not present and cannot preside—that in such case "a majority of the justices of the peace shall elect one of their number to preside; said justice so elected to act as judge of said court during the absence or inability of a county judge to preside."

The General Assembly, when enacting this later section 1059 of the Statutes, must be taken to have been familiar with section 1833 and its express provision that, in the absence of the county judge from a meeting of the fiscal court, "a majority of the justices of the peace [or commissioners] shall elect one of their number to preside" and did not intend to repeal it.

The language of section 1059 clearly does not expressly repeal it, nor do we find grounds for concluding that it was the General Assembly's intention to repeal it by implication.

It is a rule of statutory construction that repeal by implication is not to be favored. In Thomas v. Hurst Home Ins. Co., 186 Ky. 178, 216 S. W. 368, we held that repeals by implication are not favored and will not be declared except it be impossible to permit both statutes to stand; and that if an earlier and later statute can not be harmonized so as to allow the two to stand without violence to some part of the language employed in one or both statutes, they should be construed so that as much as possible of each will remain.

Also, in Ingram v. Commonwealth, 176 Ky. 706, 197

S. W. 411, we held that a statute is only repealed by an express provision of a subsequent statute or by necessary implication, and if there is not such repugnancy between the provisions of the two statutes, that they cannot be reconciled, both statutes continue in force, and if one is a local statute and relates to particular persons and places, and the other statute is a general one, they will both be held to be in force, and construed as forming one consistent law.

However, the rule is further that although repeals by implication are not favored, yet where two statutes are so repugnant to each other that they can not be reconciled and a construction reached by which each of them may be harmonized and read together, repeal by implication will operate.

We find no such repugnancy between the provisions of sections 1059 and 1833 of the Statutes as requires our invoking the repeal by implication rule of construction.

Especially do we more readily adopt this view, in that, while the language of the earlier statute (section 1833), enacted in 1892, referred to the county judge presiding over a fiscal court composed of justices of the peace, section 1850, enacted by the 1936 General Assembly long after its enactment of section 1059, provided, without referring to section 1059, that:

"All the provisions of this article governing fiscal courts composed of the judge of the county court and justices of the peace shall be applicable to and govern fiscal courts, composed of three commissioners and the judge of the county court, except that when the county judge is unable to call a special session, and it is necessary that one be called, then two commissioners may call the same, if in their opinion, the necessity exists therefor."

It is evident it cannot be contended that section 1059 (Acts of 1930) repeals by implication section 1833 (Acts of 1892), where such contention is negatived by the express provisions of section 1850 (Acts of 1936), which expressly reaffirms and reenacts the provisions of section 1833 (Acts of 1892) .

If the General Assembly had intended section 1059 to have received such construction, that it impliedly re-

pealed the earlier act of 1892 (section 1833), it would not, six years after the enactment of section 1059, have enacted section 1850, providing that the sessions of the fiscal court, in the absence of the county judge, shall be presided over by one of its own members chosen to preside, rather than by a county judge pro tem. appointed by the county judge, as it is contended was provided for by section 1059.

In view of such restrictive provisions of sections 1833 and 1850, requiring one of the members of the fiscal court to be chosen to preside over its meetings in the absence of the county judge, who is by section 144 of the Constitution made a member of the fiscal court and ex-officio, as such, its presiding officer, clearly the provision of section 1059, Kentucky Statutes, that a county judge may appoint a pro tem. county judge to perform all of the duties of the regular county judge in his absence, must be interpreted as authorizing the pro tem. county judge to perform only those duties which devolve upon the county judge *as such* and not those other duties which the county judge himself is authorized to perform due to his being personally made, by section 144 of the Constitution, a member of the fiscal court and, as such, ex-officio its presiding officer.

It is therefore our conclusion that the declaration of rights herein made by the lower court, being in harmony with our views, should be, and it is, affirmed.