## Martin v. Stumbo.

May 3, 1940.

C. B. Wheeler for plaintiff.

Bert T. Combs and Leroy Combs for defendant.

OPINION BY JUDGE FULTON—Overruling motion and denying injunction.

In February, 1934, an order was entered in the Floyd County Court appointing a county judge pro tem. The defendant, W. L. Stumbo, who was county judge of Floyd County, filed an action in the quarterly court against the plaintiffs, Lee Martin and others, to recover judgment on a promissory note in the sum of $200. In August, 1934, judgment was rendered on the note in Stumbo's behalf against Martin and others by the pro tem county judge, Stumbo being disqualified. Execution was issued on this judgment and was replevied. When the replevin bond became due, execution was is-

sued thereon, whereupon a suit was filed and motion made in the quarterly court in August, 1935, seeking to set aside the judgment. The motion to set aside the judgment was overruled and the petition dismissed, and an appeal was taken from that judgment of the quarterly court to the circuit court, the appeal being filed in the circuit court on October 23, 1935. On this latter date an action was instituted in the circuit court seeking to enjoin the levy of the execution issued on the replevin bond and in this action a temporary restraining order was issued by the clerk enjoining the levy. The appeal to the circuit court was consolidated with the action in which the injunction was sought.

On March 1, 1940, the defendant, Stumbo, moved for a dissolution of the temporary restraining order, and on March 9 the court sustained this motion and the restraining order was set aside and the plaintiffs were given 20 days in which to make application to a Judge of the Court of Appeals to re-instate it. When the temporary restraining order was dissolved, the plaintiffs made no motion for a temporary injunction and, having failed to do so, were in no position to make a motion for an injunction before a Judge of this court. To remedy this situation, a motion was made for a temporary injunction on March 13, and the temporary injunction was denied by the trial court. The cause is now before me, a Judge of the Court of Appeals, on motion for a temporary injunction to enjoin the levy of the execution issued on the replevin bond. The plaintiffs, in support of their motion, contend: 1) That the pro tem county judge does not, by virtue of his appointment as such, become judge of the quarterly court, and 2) that therefore, the judgment was void. We will consider these contentions in order.

The concluding sentence of Section 139 of the State Constitution establishing quarterly courts provides that "the judges of the county court shall be the judges of the quarterly courts" and Section 1059, Kentucky Statutes, as amended in 1930, provides that:

"The county judge may by an order entered on the order book of the county court appoint and designate a county judge pro tem, who shall serve at the pleasure of the county judge. Said county judge pro tem. shall possess all the qualifications required

by law of the regular judge, and the regular judge shall be liable upon his official bond for the actions of the appointee. Said county judge pro tem. shall, when the county judge is absent from his office, or for any reason is unable to perform the duties of his office, perform any and all duties imposed by law upon the regular county judge  *  *  *.''

A casual reading of the constitutional and statutory provisions referred to would seem to confer on the county judge pro tem the right to act as judge of the quarterly court but a closer examination of our law reveals that such is not the case. The constitutional provision does not confer the right since it only makes the judge of the *county* court judge of the quarterly court as well —it does not profess to deal with pro tem county judges. We are therefore relegated to Section 1059, which authorizes the county judge pro tem, when the county judge is unable to perform the duties of his office, to perform any and all duties imposed by law upon the regular county judge.

Construing this statute, it was held in Jefferson County Fiscal Court v. Grauman, County Attorney, et al., 281 Ky. 608, 136 S. W. (2d) 1102, that it must be interpreted to authorize the pro tem county judge to perform only those duties devolving upon the county judge *as such* and that the county judge pro tem did not have authority to serve as a member of the fiscal court when the county judge was absent. The basis of the decision was that Section 1833, Kentucky Statutes, provided that when the county judge was not present at a meeting of the fiscal court ''a majority of the justices of the peace shall elect one of their number to preside; said justice so elected to act as judge of said court during the absence or inability of a county judge to preside,'' and that the General Assembly, in enacting Section 1059 must be taken to have been familiar with Section 1833 and to have had no intention to repeal it. I regard the holding in that case as conclusive against the right of the pro tem county judge to act as judge of the quarterly court, since at the time of the enactment of Section 1059 there was in effect a statutory method of selecting a quarterly court judge when the county judge was absent and it must be presumed, in accordance with the line of reasoning adopted in the cited case,

that the General Assembly did not intend to repeal such statutory provision.

The statutory method of selection of special judges of the quarterly court referred to is Section 1056, which provides that "the law relating to the election of special judges of circuit courts shall apply to elections of special judges of the quarterly court * * *." This section was enacted in 1893, and at that time the law relating to the selections of special judges of circuit courts was that when the judge of the circuit court failed to attend the parties by agreement might select one of the attorneys of the court to preside at the trial and hold the court for the occasion and on their failure to agree upon an attorney to try the cause the attorneys of the court who were present and not interested in the cause should elect an attorney of the court special circuit judge. General Statutes, 1888, Chapter 28, Article VII. See also act of June 10, 1893, c. 221, p. 1030. This method of selecting special circuit judges was repealed by an act of March 29, 1926, c. 31, p. 128, now Kentucky Statutes, Section 971-15, but its repeal did not have the effect of repealing the method of selection of special quarterly court judges. Section 1056 adopted the statute as to the method of selecting circuit judges, or incorporated it by reference, and the repeal of the adopted statute had no effect on Section 1056, the adopting statute, as Section 1056 was not also repealed either expressly or by implication. Burns et al. v. Kelley et al., 221 Ky. 385, 298 S. W. 987.

It is plainly apparent that the Legislature, in repealing and re-enacting the laws with reference to the selection of special circuit judges, did not intend that such laws should apply to the selection of special quarterly court judges, otherwise we would be in the situation of having the Chief Justice designating special quarterly court judges when the parties could not agree on a special judge—clearly no such situation was intended.

It is clear, therefore, that at the time Section 1059 was enacted the law with reference to the selection of a quarterly court judge, in the absence of the regular judge, was that the parties should agree on a special judge or, if they were unable to agree, a special quarterly court judge should be elected by the attorneys then

present.   This being true, under the authority of Jefferson County Fiscal Court v. Grauman, supra, the pro tem county judge had no authority to act as quarterly court judge but a special quarterly court judge should have been selected in the manner indicated.

It does not follow, however, that the judgment was void because rendered by one who was not regularly selected as special judge of the quarterly court.   The pro tem county judge who rendered the judgment was acting under an appointment which he believed, and which has generally been believed, constituted him pro tem judge of the quarterly court.   Pursuant to this appointment, he had taken possession of the office and was therefore acting under color of title, that is, under an apparent right to the office, a pretense under semblance of authority, although the authority was actually lacking, and it considered as a de facto judge; his acts as such are not void but are valid and binding.   Coquillard Wagon Works v. Melton, Sheriff, 137 Ky. 189, 125 S. W. 291; Eversole v. Steele, 6 Ky. Law Rep. 525.   I find the general rule to be that the authority of a special or substitute judge not regularly appointed but acting under color of title may be waived by the failure of a party to make prompt and seasonable objections to his acting as judge.   33 C. J. 1038; Tabor v. Armstrong, 99 S. W. 957, 30 Ky. Law Rep. 938; Small v. Reeves, Ky., 37 S. W. 682; Vandever v. Vandever, 3 Metc. 137.  It is further held that the objection to one acting as special judge under color of title should be made at or before the trial and cannot be made for the first time on appeal. Kentucky Central R. Co. v. Kenney, 82 Ky. 154.

As the special or substitute judge who rendered the judgment in controversy was acting under color of title and as no objection was made to his so acting, I conclude that the objection to his authority was waived and that the judgment was valid.

The motion for a temporary injunction is overruled and the injunction denied.   The whole court, except Justice Rees, sat with me in the consideration of this motion, and all concur in the conclusions reached.   It is further ordered that this opinion be adopted and published as an opinion of the court.