

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 24, 1948

Hon. K. D. Hall
County Attorney
Refugio County
Refugio, Texas

Opinion No. V-615

Re: The authority of a
Special County Judge,
elected by the local
bar to serve during
illness of the County
Judge, to preside
over the Commission-
ers' Court and relat-
ed questions.

Dear Sir:

Reference is made to your recent request which reads, in part, as follows:

"Our County Judge is sick and can-
not attend his duties as County Judge.

"Our County Judge is, in addition
to County Judge, Ex-Officio County School
Superintendent.

"A day or two after the Judge be-
came sick, the lawyers of the local bar
elected a Special County Judge to take
his place, and the commissioners not
knowing a Special Judge had been appoint-
ed, elected one of its members to preside
over the court during the absence of the
County Judge.

"My questions are as follows:

"1. Is such Special Judge to act as
Ex-officio School Superintendent?

"2. Is such Special Judge to preside
over the Commissioner's Court?

"3. When does the authority or power
of the Special Judge cease or terminate?"

Article 1934, V. C. S., is as follows:

"If a county judge fails to appear
at the time appointed for holding the
court, or should he be absent during the
term or unable or unwilling to hold the
court, a special county judge may be elec-
ted in like manner as is provided for the
election of a special district judge. The
special county judge so elected shall have
all the authority of the county judge while
in the trial and disposition of any case
pending in said court during the absence,
inability, or such refusal of the county
judge. Similar elections may be held at
any time during the term, to supply the
absence, failure or inability of the coun-
ty judge, or any special judge, to perform
the duties of the office. When a special
county judge shall have been so elected, the
clerk shall enter upon the minutes of the
court, a record such as is provided for in
like cases in the district court." (Emphasis
added throughout)

Article 1887, V. C. S. reads as follows:

"Should the judge of a district court
on the first or any future day of a term,
fail or refuse to hold the court, the
practicing lawyers of the court present
may elect from among their number a spe-
cial judge who shall hold the court and
proceed with the business thereof."

Under Article 2107, V. C. S. the county judge
of Refugio County is the ex-officio County School Super-
intendent.

With reference to the powers and duties of a
special judge elected by the attorneys of the Bar, it is
stated in Tex. Jur., Vol. 25, p. 325:

"During the continued absence of the
regular judge, or his continued unwilling-
ness to serve, a special judge elected by
the attorneys is, within the meaning of the
constitution and laws, a judge of the court.
. . . He has all the authority of a regular

judge with respect to cases that proper-
ly come before him, or, at least, he has
such of the regular judge's powers as
are necessary to enable him to transact
the business of the court."

Article 1934, supra, plainly states that the
special county judge so elected shall have all the
authority of the county judge while in the trial of any
case pending in said court during the absence, inabil-
ity, or such refusal of the county judge.

In the case of Markwell v. Galveston County,
186 S.W.(2d) 273, the court said:

"Its terms, however, do permit a coun-
ty judge 'to be elected in like manner as
is provided for the election of a special
district judge', etc.; so that, when the
provisions of such other statutes are read
into it, it seems clear that not only was
a special county judge made a judicial of-
ficer of the State, but he was endowed with
all of the authority of the regular county
judge while in the discharge of his duties;
in other words, he was expressly made the
same kind of an officer while in the dis-
charge of such judicial duties as all the
other judges, all of whom, without excep-
tion, were given compensation for their
services."

The court states that the special county judge
is made the same kind of officer while in the discharge
of such judicial duties. In other words, the special
county judge may perform all the duties that the regu-
lar county judge may perform only with reference to
cases being tried before him, but he does not "step in-
to the shoes" of the regular county judge for all pur-
poses.

In the case of Holland v. Harris County, 129
Tex. 118, 102 S.W.(2d) 196, the Supreme Court impliedly
held that a special district judge elected in the same
manner and under similar circumstances as was the spe-
cial county judge in this case, was not legally a mem-
ber of the County Juvenile Board as a result of such
election even though the regular district judge was a
member of said board. We believe the same principle of

law is applicable here in regard to the special county judge.

In the absence of any statute authorizing the same and in view of the foregoing, it is our opinion that the special county judge of Refugio County elected under the provisions of Article 1934, is not the ex-officio county school superintendent by reason of such election.

Section 18 of Article V of the State Constitution provides, in part, as follows:

"The county commissioners so chosen, with the county judge, as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."

Article 2342 and Article 2343, V. C. S. are as follows:

"Art. 2342.  The several commissioners, together with the county judge, shall compose the 'Commissioners Court,' and the county judge, when present, shall be the presiding officer of said court."

"Art. 2343.  Any three members of the said court, including the county judge, shall constitute a quorum for the transaction of any business, except that of levying a county tax."

In the case of Dalton v. Allen, 215 S.W. 439, the Supreme Court stated:

". . . a quorum for the transaction of such business of the commissioners' court as that referred to in the certificate of the Court of Civil Appeals is constituted by any three commissioners, or by the county judge and any two commissioners, and hence the order under attack was duly passed at a meeting of the court, with a quorum present, regardless

of the participation of the county judge."

The courts of this State have not passed upon the question of whether the special county judge elected under the provisions of Article 1934 is also to preside over the county commissioners' court. However, in Kentucky, where the State has similar constitutional and statutory provisions to ours, and where the county fiscal courts perform practically the same duties as our county commissioners' court, the Supreme Court in the case of Jefferson County Fiscal Court v. Grauman, 136 S.W.(2d) 1102, said:

". . . that a county judge may appoint a pro tem. county judge to perform all of the duties of the regular county judge in his absence, must be interpreted as authorizing the pro tem. county judge to perform only those duties which devolve upon the county judge as such, and not those other duties which the county judge himself is authorized to perform due to his being personally made, by section 144 of the Constitution, a member of the fiscal court and, as such, ex-officio its presiding officer."

See also Martin v. Stumbo, 140 S.W.(2d) 405.

Also in a former Attorney General's Opinion No. O-5374, in answering this question, it was stated:

"As heretofore stated the selection or appointment of a special county judge is proper only upon the conditions specified in the Constitution and statutes. We fail to find any statute authorizing the election or appointment of a special county judge to preside over or act as a member of the commissioners' court. Therefore, it is our opinion, that no special county judge can be elected or appointed to perform such duties."

Therefore, in view of the foregoing, your second question is answered in the negative.

With reference to your third question, we assume that pursuant to Article 1934 and under the pro-

Hon. K. D. Hall, page 6 (V-615)


visions of Art. 1887, the special county judge was
elected to serve in the place of the county judge dur-
ing his absence and inability to serve.

In the case of Ex Parte Templeton, 186 S.W.
(2d) 68, where the regular district judge was on active
duty in the service of the United States Navy, the prac-
ticing lawyers of said district elected a special judge
of said court during the absence of the regular judge
in compliance with the provisions of Article 1887, V. C.
S., and the court held that:

"There was no vacancy in the office
of district judge, and therefore the prac-
ticing attorneys had a right to elect a
special judge to serve during the absence
of the regular judge, . . ."

Therefore, since the special county judge was
elected to serve during the absence and inability of the
regular county judge to serve under the procedure set out
in Article 1887, et seq., and in view of the foregoing,
it is our opinion that such special county judge may con-
tinue to serve from term to term in the absence or inabil-
ity of the regular county judge.

## SUMMARY

A special county judge elected under
the provisions of Article 1934, V. C. S.
is not authorized to act as ex-officio
school superintendent. Holland v. Harris
County, 102 S.W.(2d) 196.

A special county judge elected under
the provisions of Article 1934, V. C. S.
is not authorized to preside over the com-
missioners' court. Jefferson County Fiscal
Court v. Grauman, 136 S.W.(2d) 1102; At-
torney General's Opinion No. O-5374.

A special county judge elected under
the provisions of Article 1934, V. C. S.
may continue to serve from term to term
during the absence or inability of the

regular county judge. Ex Parte Temple-
ton, 186 S.W.(2d) 68.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*
Bruce Allen
Assistant

BA:mw

APPROVED:

*Fagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL