KENTUCKY UTILITIES COMPANY,
Movant/Cross–Respondent,

v.

SOUTH EAST COAL COMPANY, Citizens Fidelity Bank & Trust Company, Kentucky Coal Association, Respondents/Cross–Movants.

Nos. 91–SC–357–DG, 91–SC–609–DG, and 91–SC–610–DG.

Supreme Court of Kentucky.

Aug. 25, 1992.

Escum L. Moore, Turley and Moore, Lexington, D. Brian Rattliff, Richard F. Newell, Ogden, Sturgill & Welch, Louisville, Robert J. Turley, Lexington, for Kentucky Utilities Co.

Bert T. Combs, William H. McCann, John Regan Rhorer, Jr., Penny R. Warren, Wyatt, Tarrant & Combs, Lexington, for South East Coal Co.

Hiram Ely, III, Louisville, James A. Kegley, Lexington, J. Mark Grundy, Greenbaum, Doll & McDonald, Louisville, for Citizens Fidelity Bank & Trust Co.

William K. Caylor, Lexington, for Kentucky Coal Ass'n.

## OPINION AND ORDER

The motions pending before this Court for review are the motions of respondent/cross-movant, South East Coal Company, for intermediate relief, for recusal of the Justices of the Supreme Court of Kentucky and for disqualification of Special Justice Robert L. Chenoweth.

A brief review of the factual background of this appeal shows that on May 31, 1991, an Order was entered designating Hon. Robert L. Chenoweth to sit as Special Justice in the pending actions. Counsel was served with a copy of said order. On June 28, 1991, this Court granted discretionary review, with Special Justice Chenoweth participating, and scheduled the oral argument in the case for August 20, 1991. On June 4, 1992, 836 S.W.2d 392, this Court rendered its opinion which reversed the Court of Appeals, with five Justices concurring and two Justices dissenting.

On June 24, 1992, South East Coal Company filed a Petition for Rehearing and, for the first time, moved this Court to set aside the appointment of Special Justice Chenoweth on the ground that his appointment violated Section 110 of the Kentucky Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. This motion also requested that the opinion rendered June 4, 1992, be set aside for the same reason and that a rehearing be provided before "a properly constituted" Supreme Court of Kentucky. It further moved each member of this Court concurring in the majority opinion to recuse himself if he believed "his impartiality had been impaired" by the role of Special Justice Chenoweth.

On July 2, 1992, South East Coal filed a motion for recusal of the Justices of the Supreme Court of Kentucky from consideration of its own motion to disqualify Special Justice Chenoweth.

On August 22, 1992, South East Coal Company filed a motion requesting this Court to stay its proceedings pending a decision by United States District Judge Hood on South East Coal Company's cross-claim against the Supreme Court of Kentucky in federal court.

As to South East Coal Company's motion for recusal, no facts have been disclosed which bring this case within the parameter of SCR 4.300 or KRS 26A.015. It is absurd to suggest that this Court is unable to review impartially the constitutionality of a procedure it earlier adopted. *Vessels v. Brown–Forman Distillers Corp.*, Ky., 793 S.W.2d 795 (1990), (holding CR 76.25(12) to be unconstitutional). A Justice is not disqualified from consideration of a case by participation in the promulgation of procedure regarding the administration of the Court of Justice any more than a Justice who has voted on a case, thereby expressing an opinion on the merits, is barred from considering a petition for rehearing. As former Chief Justice Palmore stated in *Ex parte Farley*, Ky., 570 S.W.2d 617 at 623 (1978), "Judges understand that they can be and at times are in error. If they were disqualified by reason of having made a previous ruling, most motions for a new trial and every petition for rehearing would call for a new judge or a new court." The authority to exercise administrative control of the judicial branch of government is vested in the Supreme Court of Kentucky. *Ex Parte Auditor of Public Accounts*, Ky., 609 S.W.2d 682 (1980), *Ex parte Farley, supra.* In the well chosen words of the Supreme Court of Vermont, "When we are defining the essential nature of this Court, it is imperative that the active members of the Court provide that definition." *Directive No. 17 v. Vermont Supreme Court*, 154 Vt. 217, 576 A.2d 127 at 128 (1990). An issue involving the administrative authority of this Court must be determined by its Justices, rather than executive appointees. As was stated in *Ex parte Auditor of Public Accounts*, Ky., 609 S.W.2d 682 at 687 (1980), "Experience teaches that a boundary not guarded will in time be lost." The motion to recuse is denied.

This Court in denying the motion to recuse and in determining that it is properly constituted to review matters herein obviates the need for granting intermediate relief to South East Coal Company, pursuant to CR 76.33. Clearly, South East Coal

Company has not shown that it will suffer immediate and irreparable injury if this duly constituted Court rules on pending matters herein.

■ As to the motion for recusal of Special Justice Chenoweth, we first observe that South East Coal Company and all parties hereto were notified of the appointment of the Special Justice well in advance of oral argument. There was no objection. South East Coal Company appeared, by counsel, at oral argument with Special Justice Chenoweth sitting and still there was no objection. Nearly ten months passed from the date of oral argument until rendition of our opinion and no issue was raised as to the participation of the Special Justice. Only after South East Coal Company received an unfavorable opinion did it voice any complaint. We need not provide extensive authority for the proposition that a party must timely object or be deemed to have waived any such objection. CR 46. *Poorman v. Commonwealth*, Ky., 782 S.W.2d 603 (1990). *Martin v. Stumbo*, 282 Ky. 793, 140 S.W.2d 405 (1940).

Fairness and good faith toward this Court required any issue regarding the appointment of a Special Justice to be raised at the earliest opportunity and certainly before rendition of an opinion by this Court. South East Coal Company's voluntary participation, without objection, forecloses it from any retroactive complaint now. The motion is denied.

■ While the procedural default of South East Coal Company precludes a motion to disqualify Special Justice Chenoweth, this Court will address the constitutionality of the "Procedure For Appointment of A Special Justice of the Supreme Court of Kentucky" entered of record October 16, 1989, and employed in the May 31, 191, appointment of Special Justice Robert L. Chenoweth herein. Said procedure, appended hereto, provides for the replacement of a disqualified Justice by the Chief Justice pursuant to KRS 26A.015(3)(a). It further provides that said replacement shall be chosen from a list of qualified attorneys previously submitted by the Justices to the Chief Justice. Said order of appointment shall be entered of record and the parties notified at least ten days before the case is scheduled for oral argument, thus giving the parties time to raise valid objections to the appointment of the Special Justice.

Ky.Const. § 110(3) specifies that if "two justices decline or are unable to sit," the Chief Justice shall certify that fact to the Governor, who shall then appoint Special Justices "to constitute a full court." This section does not specifically address the situation of appointment if only one justice disqualifies. The Kentucky Constitution intentionally leaves the decision as to what should be done if only one justice disqualifies to the rule-making power of this Court. Section 116 of the Kentucky Constitution vests the Supreme Court of Kentucky with all rule-making power appropriate "to prescribe rules governing its appellate jurisdiction, rules for the appointment of commissioners and other court personnel, and rules of practice and procedure for the Court of Justice."

KRS 26A.015(3)(a) specifies:

"Any justice or judge of the Court of Justice disqualified under the provisions of this section shall be replaced by the chief justice."

This statutory mandate to replace "any justice" who is "disqualified," was enacted in 1976, immediately after the Judicial Amendment to the Kentucky Constitution was adopted. Obviously it was intended to supplement the newly enacted Judicial Article.

In developing a procedure for replacing a justice on this Court who is disqualified, pursuant to KRS 26A.015, this Court avoided the prohibition contained in Ky.Const. § 110(5)(b) against the appointment of an active or retired judge on the Court of Justice to sit as a Special Justice on our Court by specifying in our procedure that a qualified attorney would be appointed.

This Court's responsibility is to decide all cases presented to it in an orderly and just fashion; a case affirmed by an equally divided court without opinion is not a quality decision by any stretch of the imagina-

tion and would limit this Court's responsibility. This Court's "Procedure For Appointment of a Special Justice of the Supreme Court of Kentucky" is constitutional and is totally consistent with the provisions of the Kentucky Constitution.

Honorable Robert L. Chenoweth was appointed to sit as a Special Justice in this matter pursuant to a valid statute and in accordance with the provisions of the Kentucky Constitution. South East Coal Company has no due process right to retroactively challenge his appointment, by such a valid procedure, and makes no allegation of a personal, substantial or pecuniary interest in the case on the part of Special Justice Chenoweth to merit his recusal from sitting in this action.

For the foregoing reasons all recusal motions and the motion for intermediate relief be and are hereby denied.

COMBS, LAMBERT, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., and CHENOWETH, Special Judge, sitting.

All concur, except WINTERSHEIMER, J., who concurs in result by separate opinion but disagrees with the procedure.

STEPHENS, C.J., not sitting.

ENTERED August 25, 1992.

/s/ Charles M. Leibson
Deputy Chief Justice

### APPENDIX

### PROCEDURE FOR APPOINTMENT OF A SPECIAL JUSTICE OF THE SUPREME COURT OF KENTUCKY

This Court hereby adopts the following policy to be employed when one member of the Court is disqualified from sitting in a case. SCR 1.020(1), Ky.Const. § 116.

1. *Jurisdiction*

Pursuant to KRS 26A.015(3)(a), any Justice disqualified under the provisions of that section shall be replaced by the Chief Justice.

Therefore, if a justice disqualifies himself from participation in the consideration of a case before it is ready for review by the members of the Court, the Chief Justice shall appoint an attorney to serve as a Special Justice of the Kentucky Supreme Court. A case is "ready for review" within the meaning of this rule ten days before it is scheduled for oral argument.

2. *Selection of Special Justice*

At the beginning of the annual term of the Supreme Court each justice shall provide the Chief Justice with a list of not less than ten attorneys from his district who meet the constitutional qualifications for service and have the ability to serve as a special justice.

Once advised of a justice's disqualification, the Chief Justice shall appoint a special justice from the list previously submitted to him by the disqualified justice.

3. *Notice of Selection*

An order appointing a special justice shall be filed with the Clerk of the Supreme Court and entered in the record of the case. Copies of the order of appointment shall be circulated to the Special Justice, the Justices of the Supreme Court and the parties to the action.

4. *Service as Special Justice*

The Supreme Court Administrator shall coordinate the service of Special Justices of the Supreme Court. Compensation for each 7.5 hour day of service as a Special Justice is $262.53 per day, plus 20.5 per mile for travel connected with court service.

All sitting.

All concur except WINTERSHEIMER, J., dissents.

ENTERED October 16, 1989.

/s/ Robert F. Stephens
Chief Justice

WINTERSHEIMER, Justice, concurring.

I concur in the result achieved by the majority but wish to state my reasons separately. I would deny the motion to disqualify Special Justice Chenoweth because the

error, if any, was non prejudicial in view of the fact that the final vote was at least 4–2. Moreover, recusal is a personal matter to be decided by each individual justice or judge in the absence of any so-called per se disqualification or statutory prohibition. The Constitution is silent on the subject and the majority has a right to decide such questions even though they might be mistaken in their opinion. This motion is out of time because it was filed only after an adverse opinion had been rendered.

In my view the Constitutional system never envisioned the appointment of less than two special justices. Section 110 and K.R.S. 26A.015(3)(a) Section 110(5)(b) relates only to courts other than the Supreme Court. The procedure of 1989 is a well-meant attempt to address a situation mistakenly thought to be a problem; as such it must fail because it is in conflict with the Constitution. See SCR 1.020 which has long set out the rule to be followed when the Court is equally divided.